BANCO TERRITORIAL Y AGRÍCOLA *v.* ARVELO.

APPEAL from the District Court of Arecibo.

No. 20.—Decided December 21, 1904.

PROCEDURE—DILATORY EXCEPTIONS.—A dilatory exception entered by the defendant in an action must be disposed of before the court can enter upon a consideration of the merits of the case.

ID.—LITISPENDENCIA.—A dilatory exception of *litispendencia* will be sustained where there are two actions pending between the same parties and involving the same issues, and the object of the same is to prevent two competent courts from rendering decisions contrary to each other.

UNLAWFUL DETAINER—RES ADJUDICATA.—Judgment rendered in special proceedings, such as an action of unlawful detainer, cannot be alleged as *res adjudicata* in an ordinary action.

ID.—CLAIMS OF LESSEE.—A claim made by a lessee or tenant to the crops or plantations in payment for his labor, or any expenses which he may have incurred in connection with the property, will not be a bar to his ejectment in an action of unlawful detainer.

ID.—RIGHT OF OWNERSHIP—IMMEDIATE DOMINION.—The right of ownership exists where the owner can dispose of the thing owned in any way he may see fit, it being understood that such ownership resides in the person having the immediate dominion of the thing and who is enjoying the same in any manner.

ID.—The owner of the thing has an action to recover the same against the holder or possessor thereof.

ID.—POSSESSION UNDER A PROPER TITLE.—Where in an action of unlawful detainer the defendant alleges possession under a proper title and should fail to prove fully such allegation, the same will be dismissed.

COSTS.—Costs should be taxed against the parties whose demands have been in all things denied.

The facts are stated in the opinion.

Messrs. *Santoni* and *José de Guzmán Benítez*, for appellant.

Mr. *Juan de Guzmán Benítez*, for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment rendered in this case by the District Court of Arecibo reads as follows:

"Judgment.—In Arecibo, September 24, 1903. The oral and public hearing was had before the district court in this action of unlawful detainer, prosecuted by the Banco Territorial y Agrícola of San Juan, represented by Attorney Juan de Guzmán Benítez against Ramón Arvelo Ríos, an agriculturist and a resident of Utuado, represented by Attorney Félix Santoni Rodríguez.

"Under date of October 17, 1902, the Banco Territorial y Agrícola of San Juan, represented by Juan de Guzmán Benítez, brought an action of unlawful detainer against Ramón Arvelo Ríos, setting forth that by an order of adjudication made September 26, 1898, by the Court of First Instance of Utuado, in foreclosure proceedings prosecuted by his client against the Estate of Hilario Arvelo, the Banco Territorial y Agrícola acquired a rural estate, which in the said order

is described as follows: A tract of land situated in *barrio* Jayuya, in the place known as 'Jauca,' within the municipal jurisdiction of Utuado, planted to coffee, plantains, pastures and underbrush and with a rustic dwelling house situated thereon, said tract consisting of 909 *cuerdas* of land, equivalent to 357 hectares, 27 ares and 36 centiares, and bounded on the north by lands of the same character and upon which small products are grown, belonging to Aquilino Batista, Manuel Pérez, Manuel Vega, and Eusebio Pérez; on the east by lands belonging to Juan Serrallés; on the south by the Ponce Mountain Range; on the west by the lands of Nemesio Arvelo y Ríos, José Gordils, Felipe Casalduc and Manuel Vega. The bank, finding it necessary to take possession of the property, attempted to put the expert agriculturist, José Ricarte, in charge of the same, but thereupon Ramón Arvelo y Ríos, a brother of the execution debtor, and who said that he proposed to purchase the property, made a proposal to the bank to the effect that he be appointed to represent it in the proceeding; and in virtue thereof, accepting the services offered, judicial possession was asked for in behalf of his client as the owner of the property, and represented in that proceeding by Ramón Arvelo y Ríos, possession being given by the Municipal Court of Utuado on March 10, 1899; that Arvelo, under the pretext that he was going to make propositions looking to the purchase of the property, has continued to occupy the same as a tenant at sufferance and without paying any rental whatever therefor; that in September last a demand was made upon the defendant, at the instance of the bank, by the Municipal Court of Utuado, to vacate the property within the term of thirty days, with his family and any other persons who might be living on the same with his authority, and leave the property to the free disposal of the Banco Territorial y Agrícola, as well as the houses and other appurtenances. The above-mentioned term having expired, Arvelo has failed to vacate the property.

"As legal authority plaintiff cites the provisions of the Civil Code relative to the property right, which permits a person to dispose of a thing without any limitations other than those established by the laws, and to the fact that one may prosecute an action to recover his property from any person who is holding or in possession of the same; and in addition he cites the provisions of the law of Civil Procedure which refer to actions such as the one prosecuted herein, and finally prays that judgment be rendered ordering Ramón Arvelo y Ríos and his family to vacate the property, with costs.

"Notice of the complaint having been served upon the defendant,

the same was answered by Attorney Santoni, setting forth that by private agreement made with the bank defendant had purchased the property involved in the action of unlawful detainer from the said bank prior to the month of February, 1899, which property by the labor of defendant had been brought to a prosperous condition. As legal authority he invoked the provisions of the Civil Code to the effect that a person in possession of a thing in good faith can retain possession thereof until he has been reimbursed for the necessary and useful expenses incurred in the preservation thereof, and that the fulfillment of contracts cannot be left to the decision of only one of the contracting parties; and he prayed the court that if the exception of *litispendencia* in the District Court of San Juan should be overruled the complaint be dismissed with costs.

"The case having been opened for the proposal of evidence, the plaintiff proposed the confession of Ramón Arvelo Ríos and documentary evidence consisting of a certificate of the date upon which the bank instituted the foreclosure proceedings against Arvelo in the Court of First Instance of Utuado, and embodying the writ demanding payment; the decree of October 7, 1901, awarding to the bank the property which is the object of the action of unlawful detainer, and which is recorded in the registry of property; the petition of the bank asking for the possession of the property foreclosed upon and designating Ramón Arvelo Ríos, the defendant herein, to accept possession and take charge of the property in the name of the bank; a certificate of the San Juan court, comprising the complaint filed therein by Ramón Arvelo Ríos against the bank, to enforce compliance with a verbal contract; a certificate of the Registrar of Property of Arecibo, relative to the inscription of the said property in favor of the bank, to the effect that there was no entry whatever in regard to the said property of a date subsequent to the adjudication.

"The defendant proposed as documentary evidence a certificate of the district court in regard to the date of the admission of the complaint filed by Ramón Arvelo Ríos in the said court, to obtain a declaration of his rights in the property involved in the action of unlawful detainer, and the enforcement of the same, and in regard to the bank having been considered as a party defendant in the action brought therein; certified copies of private letters addressed by the bank on February 9 and March 9, 1899, to Arvelo Ríos, as also of the letter forwarded December 21, 1898.

"The oral trial having been had and the evidence having been taken in the exception of *litispendencia,* the court overruled the

exception on the grounds which are stated in the minutes of the proceeding, and the trial of the case having been proceeded with, counsel for the bank only being present because the attorney for the defendant did not appear, Ramón Arvelo Ríos was called upon to reply to questions propounded by the plaintiff, and he not being present in spite of the fact that he was duly summoned, counsel for the bank waived the evidence of confession of the defendant and made his argument in support of the complaint, and the trial was declared to be concluded and ready for judgment, which was rendered by the unanimous vote of the judges.

"In the conduct of this proceeding all of the formalities prescribed by the Law of Civil Procedure have been complied with. The presiding judge, Felipe Cuchí y Arnau, prepared the judgment of the court.

"The dilatory exception of *litispendencia* filed by the defendant, Ramón Arvelo Ríos, having been overruled upon the grounds set forth in the minutes of the oral trial herein, it is not now necessary to consider that question, but this judgment will treat only of the main question involved in the suit, which is the action of unlawful detainer prosecuted by the Banco Territorial y Agrícola of San Juan against the defendant.

"In accordance with section 534 (?-354) of the Civil Code in force, the right of ownership in a thing consists of the right to dispose of the same in any manner which the owner sees fit, it always being understood, however, as provided by section 356 of the said code, that ownership is vested in the person having the immediate dominion of a thing, and not in the person who uses or in any way enjoys the same.

"From the decree of adjudication dated September 26, 1898, and recorded in the Registry of Property of Arecibo, it appears that the Banco Territorial y Agrícola is the absolute owner of the real estate which is the object of the action of unlawful detainer, and from the writ of possession thereof it appears that the defendant, Ramón Arvelo Ríos, took possession of the property in the name of the Banco Territorial and as the agent of said institution.

"The bank being the absolute owner of the real estate in question, and the defendant, Ramón Arvelo Ríos, being merely the representative of the bank upon the property, it is evident that he may remain thereon so long as the bank shall allow him so to do, because the owner of a thing has the right to bring an action to recover the possession of the same from any person in whose possession it may be.

"It is entirely useless to allege, as is done by the defendant, Arvelo, the existence of private agreements between the parties with respect to the purchase of the property by Arvelo, because aside from the fact that in an action of unlawful detainer questions of ownership cannot be considered, because it would be contrary to the provisions of the Law of Civil Procedure, the alleged title of the defendant based upon a simple private agreement which he says he entered into with the Banco Territorial, not being recorded in the registry of property, can in no wise affect the rights of ownership in the plaintiff and exercised in an action of unlawful detainer, by virtue of a record title, and *aliena res pro dominio suo clamat.*

"Article 63 of General Orders No. 118 of 1899 provides that the costs of a litigation shall be taxed against the litigant whose demands have been in all things denied, and the defendant, Arvelo, having opposed this action of unlawful detainer in every respect, must be adjudged to pay the costs of the suit.

"In view of the provisions of sections 354 and 356 of the Civil Code in force; articles 29 and 34 of the Mortgage Law and the corresponding articles of the Regulations for the execution thereof, and articles 371, 1591 and 1593 of the Law of Civil Procedure, we adjudge that we should sustain and do sustain the complaint in the action of unlawful detainer, filed by the Banco Territorial y Agrícola of San Juan against Ramón Arvelo Ríos, who is required to vacate the said rural estate within the period of twenty days beginning with the date upon which this judgment shall become final, and he is hereby warned that he will be forcibly ejected therefrom if he should fail to vacate the same, with costs against the defendant.

"Thus by this our judgment finally deciding do we pronounce, order and sign.—Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich."

The order to which reference is made in the first conclusion of law contained in the foregoing judgment reads as follows:

"Act.—In Arecibo, on September 8, 1903, at the hour set for the voting upon the aforesaid act, the said court, composed of the presiding judge, Felipe Cuchí y Arnau, and associate judges, Carlos Franco Soto and Otto Schoenrich, held an open session, and as neither of the parties nor their counsel appeared, the court proceeded to vote in public session upon the following order.

"In accordance with the provisions of rule 62 of General Orders No. 118 of 1899, when the defendant in an action enters dilatory

exceptions, the court should decide the same before entering upon the trial of the main action; wherefore in case the decision should sustain the dilatory exception such decision will have legal effect as against the complaint, and if it is overruled the trial of the case will be proceeded with and the other evidence offered by the parties will be heard.

"In this action of unlawful detainer the defendant, Arvelo, has entered a dilatory exception alleging *litispendencia*, and basing the same upon the ground that on May 26, 1902, he filed a complaint in the District Court of San Juan, which was admitted, against the Banco Territorial y Agrícola, praying the said court to declare that Arvelo had a right to retain possession of the property which is the object of this action of unlawful detainer, until the bank should indemnify him out of the products gathered on the farm by Arvelo; all in virtue of agreements entered into by the parties, as Arvelo offered to prove in due time.

"The legal object of a dilatory exception of *litispendencia* is to prevent two courts of competent jurisdiction from rendering conflicting judgments upon the same subject matter, in an action between the same parties, one acquitting and the other condemning.

" From the documentary evidence introduced in this case by the party entering the exception it appears that the declaratory action brought in the San Juan court against the Banco Territorial y Agrícola by the said Ramón Arvelo, although it was commenced before this action of unlawful detainer, is still in that stage of the proceeding known as the oral trial; for which reason it must be determined, for the purposes of sustaining or dismissing the dilatory exception of *litispendencia*, whether the judgment which may be rendered in this action of unlawful detainer may become *res adjudicata* with respect to the other suit prosecuted in the San Juan court.

" Even aside from the fact that judgments rendered in special proceedings, such as an action of unlawful detainer, can never be alleged as *res adjudicata* in an ordinary action such as the one prosecuted in the District Court of San Juan, it must be borne in mind that even upon the most unfavorable hypothesis with respect to the defendant, that is to say, upon the supposition that this Arecibo court should sustain the action of unlawful detainer, its decision could not prejudge or be in conflict with the one which after a time may be rendered in the San Juan court, because Arvelo's demand in that suit is for an indemnity for expenses incurred in the gathering of the crops of the property which is the object of the action of unlawful detainer; and

it is a well-known fact that according to the provisions of article 1598 of the Law of Civil Procedure, a claim of a lessee or tenant which may be made to crops, in payment of his labor or other expenses which he may have incurred in connection with the property, cannot serve as an obstacle to his ejectment therefrom.

"This view is not only the law, but it is moral and equitable, because to hold otherwise would be to sanction the principle that when a lessee or tenant should find that he was about to be dismissed or ejected he could bring an ordinary action in a court other than the one provided by law to hear and determine the action of unlawful detainer, to recover for improvements, and thereafter enter a dilatory exception of *litispendencia,* thereby delaying his ejectment as long as might suit his convenience. And although it is true that the ordinary action instituted in the San Juan court was commenced by Arvelo three months prior to the filing of this action of unlawful detainer, the title by virtue of which the Banco Territorial has brought the same is of a much earlier date.

"For the foregoing reasons the dilatory exception must be overruled and the trial of the main issue will be proceeded with until final judgment is rendered in accordance with the evidence introduced by the parties.

"The dilatory exception of *litispendencia* in the District Court of San Juan is hereby overruled, and the court will proceed to try this action of unlawful detainer and hear the evidence offered on the merits of the case; and the 22d instant, at 10 o'clock a. m., is set for the oral hearing, which will be had after citation of the parties.—Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich, José E. Figueras."

The defendant took an appeal from the foregoing decisions and the same was allowed and the record sent up to this Supreme Court. The appeal having been duly perfected a day was set for the hearing which took place on the 13th instant with the attendance of counsel for the appellant.

We have carefully examined the record herein and we are in accord with the judgment appealed from, excepting the fifth conclusion of law, in place of which we hold that the defendant having alleged, by way of a dilatory exception to the complaint, that he is in possession by virtue of a legal title, he failed to prove fully the aforesaid allegation.

Therefore, far from reversing or modifying the judgment appealed from, we hold that the same should be affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.